NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

13-72

STATE OF LOUISIANA

VERSUS

MITCHELL PAT MAYEUX

************

APPEAL FROM THE
TWELTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 113442
HONORABLE RONALD COX, DISTRICT JUDGE

************

JOHN D. SAUNDERS
JUDGE

************

Court composed of Sylvia R. Cooks, John D. Saunders, and Marc T. Amy, Judges.

**APPEAL DISMISSED. THE DEFENDANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS OF THE DATE OF THIS OPINION.**

Colin Clark
Louisiana Attorney General's Office
P.O. Box 94005
Baton Rouge, LA 70804-9095
(225) 326-6200
COUNSEL FOR APPELLEE:
      State of Louisiana

Myles J. Johnson
2820 Jackson Street
Alexandria, LA 71301
318) 542-4102
COUNSEL FOR APPELLANT:
      Mitchell Mayeux

**Saunders, Judge.**

On February 16, 2006, the Defendant, Mitchell Pat Mayeux, was convicted by a jury of forcible rape. He was sentenced to thirty years at hard labor. On appeal, the Defendant's conviction was affirmed. His sentence, however, was vacated, and the case was remanded to the lower court for resentencing. *State v. Mayeux*, 06-944 (La.App. 3 Cir. 1/10/07), 949 So.2d 520. The Defendant was resentenced on June 21, 2007, to thirty years at hard labor, the first twenty-five years to be served without benefit of probation, parole, or suspension of sentence.

The Defendant filed his first *pro se* application for post-conviction relief on January 30, 2009, along with a motion to disqualify Judge Jeansonne, who presided over his trial, from ruling on his application for post-conviction relief. On February 7, 2009, the trial court rendered its ruling on the last page of the Defendant's motion to disqualify which read:[1]

> Denied. Arrest by Miss. [Mississippi] Authorities irrelevant[.] No basis for scandalous conclusions. This appl. fails to state a claim entitling mover to relief. MJC 02/07/09

The Defendant sought writs in this court of the denial of his motion to disqualify Judge Jeansonne from ruling on his application for post-conviction relief; the writ was denied. *State v. Mayeux*, an unpublished writ bearing docket number 09-242 (La.App. 3 Cir. 6/3/09).

On July 7, 2010, the Defendant filed a *pro se* petition for a writ of mandamus with this court wherein he maintained that the trial court did not rule on his application for post-conviction relief. The Defendant's writ was denied on the showing made as he did not provide this court with a copy of the application he allegedly filed in the lower court. *State v. Mayeux*, an unpublished writ bearing

---

[1]The application for post-conviction relief, motion to disqualify, and the trial court's ruling are not included in this record but are discussed throughout the record by the parties and lower court without any objection as to the filing of the petitions or the language of ruling. The only issue with regard to the ruling is whether the trial court intended to rule on both the application for post-conviction relief and motion to disqualify or the motion to disqualify, only.

1

docket number 10-804 (La.App. 3 Cir. 7/22/10). The Defendant filed a second *pro se* petition for a writ of mandamus on August 6, 2010. Again, the writ was denied on the showing made for failure to provide a copy of the application for post-conviction relief allegedly filed in the lower court. *State v. Mayeux*, an unpublished writ bearing docket number 10-940 (La.App. 3 Cir. 8/16/10).

The Defendant returned to the trial court, filing additional *pro se* applications for post-conviction relief on March 7, 2012, and May 14, 2012. The latter of the two applications was the same application and memorandum filed on January 30, 2009. In an order dated May 15, 2012, the trial court instructed the State to file any procedural objections to the application or to file an answer on the merits if there were no procedural objections. The State complied and asserted, first, that the Defendant's objection became final, at the latest, on July 21, 2007; thus, he had until that time to file for post-conviction relief under La.Code Crim.P. art. 930.8. Next, the State maintained that the trial court ruled on the Defendant's application for post-conviction relief filed on the same day as his motion to disqualify Judge Jeansonne from ruling on his application. The State urged that the trial court ruled on both filings below the Defendant's signature on his motion to disqualify. Given the context and wording of the order, the State contended that the trial court denied the post-conviction relief application. Also, the State argued that all subsequent applications for post-conviction relief were successive, repetitive, or untimely.

At some point, the Defendant sought counsel and in response to the State's objection, argued that the trial court's ruling spoke to the merits of his motion to disqualify the trial judge from ruling on his application for post-conviction relief and was not a ruling on the application for post-conviction relief. The Defendant maintained there was no evidence that the trial court considered the merits of the application or intended to deny it. The State urged, however, that the trial court's

2

use of the abbreviation "appl." indicated it was referring to the Defendant's application for post-conviction relief. Additionally, the State asserted that the trial court's phrasing of the order appeared to have been taken from La.Code Crim.P. art. 928 which grants a district court authority to dismiss an application for post-conviction relief without requiring an answer "if the application fails to allege a proper claim upon which, if established, would entitle the petitioner to relief."

A contradictory hearing was ordered by the trial court and held on October 24, 2012. In finding that the trial court had ruled on the Defendant's application for post-conviction relief filed on January 30, 2009, the trial court stated:

> [A]fter reviewing the Clerks [sic] file, looking at the things that were signed they all came in together at 11:37 a.m. on January 30, 2009, they were sent to the Judge, the last page is the page of the disqualification and what I read on that is that he was ruling on the first sentence as to the motion to disqualify the Judge because the Judge has the right to do that. If the motion to disqualify doesn't state a valid basis he can just deny it on the face of it, he did that. Specifically, the last sentence cannot apply to a motion to disqualify a Judge. The sentence is, this application fails to state a claim entitling mover to relief, that is absolutely not a response to a motion to disqualify a Judge, he would say the motion is denied no basis no grounds, but the application fails to state a claim that entitles a mover to relief is clear to me and that was done on February 2, 2009.

On November 5, 2012, the Defendant filed a motion to appeal the trial court's ruling which was subsequently granted. On January 24, 2013, this court issued a rule to show cause why the appeal should not be dismissed as the judgment is non-appealable. In the Defendant's response received in this court on February 14, 2013, he concedes that the ruling of which he seeks relief is not properly before this court on appeal and seeks to convert his appeal to an application for supervisory writs.

The judgment at issue is not appealable. *See* La.Code Crim.P. art. 930.6. Accordingly, we hereby dismiss the Defendant's appeal. The Defendant may seek supervisory writs within thirty (30) days of the date of this decision. The Defendant is not required to file a notice of intent to seek writs nor must he obtain

an order from the trial court setting a return date as is generally required by Uniform Rules—Courts of Appeal, Rule 4-3. We construe the motion for appeal as a timely-filed notice of intent to seek a supervisory writ.

**APPEAL DISMISSED. THE DEFENDANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS OF THE DATE OF THIS OPINION.**